■ ROBERT BETANCOURT, Respondent, v TRUMP EMPIRE STATE PARTNERS et al., Appellants-Respondents, and KAM CONSTRUCTION CORP., Respondent-Appellant. [812 NYS2d 598]—

In an action to recover damages for personal injuries, the defendants Trump Empire State Partners, Helmsley-Spear, Inc., and Walgreen Eastern Company, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Barasch, J.), dated June 18, 2004, as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them, and the defendant KAM Construction Corp. separately appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the motion of the defendant KAM Construction Corp. and substituting therefor a provision granting that motion; as so modified, the order is affirmed insofar as

appealed from, with one bill of costs to the defendant KAM Construction Corp. payable by the plaintiff and one bill of costs to the plaintiff payable by the defendants Trump Empire State Partners, Helmsley-Spear, Inc., and Walgreen Eastern Company, Inc., the complaint and all cross claims are dismissed insofar as asserted against the defendant KAM Construction Corp., and the action against the remaining defendants is severed.

The plaintiff allegedly cut his right index finger on the sharp edge of a pipe mounted to the outside of a doorway of a store at a premises owned by the defendant Trump Empire State Partners, managed by the defendant Helmsley-Spear, Inc. (hereinafter collectively Empire State), and leased to the defendant Walgreen Eastern Company, Inc. (hereinafter Walgreen). At the time of the accident, the defendant KAM Construction Corp. (hereinafter KAM) was remodeling the store under a contract with Walgreen. Empire State and Walgreen moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them, and KAM separately moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The Supreme Court denied both motions.

Empire State and Walgreen failed to establish their prima facie entitlement to summary judgment (*see Peralta v Henriquez,* 100 NY2d 139, 144 [2003]; *Fairchild v J. Crew Group, Inc.,* 21 AD3d 523 [2005]). Therefore, the Supreme Court properly denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them.

KAM made a prima facie showing that it was entitled to summary judgment dismissing the complaint. "[A] contractual obligation, standing alone, will impose a duty only in favor of the promisee and intended third-party beneficiaries" (*Espinal v Melville Snow Contrs.,* 98 NY2d 136, 140 [2002] [internal quotation marks omitted]). KAM established that the plaintiff was not an intended beneficiary of KAM's construction contract with Walgreen. In response, the plaintiff failed to raise a triable issue of fact as to whether KAM otherwise assumed a duty of care on his behalf (*id.* at 139). Prior to the alleged accident, KAM neither altered nor moved the pipe that allegedly caused the plaintiff's injury, and it was not required to do so. Thus, there was no evidence that KAM created or increased an unreasonable risk of harm (*see Regatta Condominium Assn. v Village of Mamaroneck,* 303 AD2d 739 [2003]), that the plaintiff detrimentally relied on the continued performance of KAM's duties (*see Church v Callanan Indus.,* 99 NY2d 104 [2002]), or that KAM entirely displaced Walgreen's duty to maintain the

premises safely (*see Capestany v C&S Props., Inc.,* 17 AD3d 502 [2005]). Therefore, the Supreme Court erred in denying that branch of KAM's motion which was for summary judgment dismissing the complaint.

Pursuant to the indemnification clause in the contract between Walgreen and KAM, KAM agreed to indemnify, among others, Walgreen, inter alia, for claims arising out of the performance of the work thereunder, provided that any such claim was caused by its (KAM's) negligence. Since there was no evidence that the pipe was part of the work to be performed under the contract or that any negligence on KAM's part was a proximate cause of the accident, KAM established its prima facie entitlement to summary judgment dismissing Empire and Walgreen's cross claims for indemnification. In response, Empire State and Walgreen failed to raise a triable issue of fact. Therefore, the Supreme Court erred in denying that branch of KAM's motion which was for summary judgment dismissing Empire State and Walgreen's cross claims. Goldstein, J.P., Skelos, Fisher and Lunn, JJ., concur.