■ GENE COLLINS et al., Respondents, v SWITZER CONSTRUCTION GROUP, INC., et al., Appellants, and TIME, INC., et al., Respondents. (And a Third-Party Action.) [892 NYS2d 94]—

Plaintiff, an electrician, was injured when, in the course of installing conduit sleeves, he stepped off a ladder and slipped on debris scattered around the ladder. Industrial Code (12 NYCRR) § 23-1.7 (e) (2) requires that areas of floors where persons work "be kept free from accumulations of . . . debris . . . insofar as may be consistent with the work being performed." Pointing to plaintiff's statement in accident reports that he slipped on conduit debris, Switzer seeks to dismiss plaintiff's Labor Law § 241 (6) claim on the ground that the debris on which he slipped was created by him and was therefore "an integral part of the work he was performing" (see *Appelbaum v 100 Church*, 6 AD3d 310, 310 [2004] [internal quotation marks and citations omitted]). However, plaintiff's deposition testimony that there were other trades working at the same time and that the debris on which he slipped was different from any of the electrical materials he had been using raises an issue of fact whether he created the debris.

Switzer's claim of prejudice resulting from Time's and 135 West 50th Owner's amendment of their answer to assert cross claims for contractual indemnification against it is belied by the fact that Time and 135 West 50th Owner demanded, on two separate occasions, a defense and indemnification under the parties' agreement. Moreover, Switzer cannot reasonably claim to be surprised by its own contractual obligations. As neither Time nor 135 West 50th Owner was negligent in connection with plaintiff's accident, the indemnification and defense clauses in their agreement are not unenforceable and void under General Obligations Law § 5-322.1 (see *Brooks v Judlau Contr., Inc.*, 11 NY3d 204 [2008]). We have considered Switzer's remaining arguments and find them unavailing. Concur—Tom, J.P., Andrias, McGuire and Manzanet-Daniels, JJ.