KEITH HUGHEY et al., Plaintiffs, v RHM-88, LLC, et al., Defendants, PRITCHARD INDUSTRIES, INC., Respondent-Appellant, and ONE UNITED NATIONS PLAZA CONDOMINIUM, Appellant-Respondent. (And a Third-Party Action.) ONE UNITED NATIONS PLAZA CONDOMINIUM, Second Third-Party Plaintiff-Appellant-Respondent, v CUSHMAN & WAKEFIELD, INC., Second Third-Party Defendant-Respondent-Appellant. (And Other Actions.) [912 NYS2d 175]—

Order, Supreme Court, New York County (Doris Ling-Cohan, J.), entered April 15, 2009, which, to the extent appealed from, denied the motion of defendant One United Nations Plaza Condominium (UNPC) to dismiss the complaint for plaintiffs' failure to serve a notice of claim; granted defendant Pritchard's motion for summary judgment dismissing plaintiffs' claims against it; qualified the conditional order of contractual indemnification in favor of UNPC as against second third-party defendant Cushman & Wakefield (C&W); conditionally granted contractual indemnification in favor of UNPC and C&W against Pritchard; and conditionally awarded contractual indemnification in favor of Pritchard and UNPC against C&W, unanimously modified, on the law, the conditional award in Pritchard's favor against C&W vacated, and otherwise affirmed, without costs.

The court correctly held that plaintiffs were not required to file a notice of claim prior to suing UNPC. Unlike defendant United Nations Development Corporation (UNDC), UNPC is not a public benefit corporation entitled to notice under General Municipal Law § 50-i (1). UNPC offers no support for its novel argument that it is the alter ego of the City.

Nor is there any merit to UNPC's alternative arguments: (1) that plaintiffs' complaint against it should have been dismissed because it delegated full responsibility for the two forces that allegedly caused this injury—maintenance and repair of the canopy and gutter, and removal of snow and ice from the sidewalks—to C&W and Pritchard, respectively, thus precluding a charge of constructive notice of any allegedly dangerous condition created as a result of these other entities' failures to fulfill the requirements of their contracts; (2) that in any event, it is the UNPC Board, not UNPC, that has control over and responsibility for the common areas. UNPC and its Board are one and the same for purposes of this lawsuit. Moreover, an issue of fact exists as to whether UNPC had constructive notice of the recurring ice formation as a result of the leaky gutter, inasmuch as the Millennium Hotel and UNDC, which are closely intertwined and employ high-level personnel in common with UNPC, were both named as defendants in another case in which the plaintiff there claimed to have been injured in the same manner and in the same location as plaintiffs herein. In any event, UNPC can be held liable to plaintiffs as C&W's principal for any negligence committed by C&W, even if UNPC were not itself actively and directly negligent. Moreover UNPC, as a landowner, may not delegate its duty to keep its premises in a safe

condition with regard to third parties. Rather, its recourse is to secure an indemnification agreement from the party to whom it delegates specific responsibilities, and "allocate the risk of liability to third parties by the procurement of liability insurance for their mutual benefit" (*Morel v City of New York*, 192 AD2d 428, 429 [1993]).

The court also properly dismissed plaintiffs' claims against Pritchard, correctly holding that Pritchard owed no duty to the injured plaintiff because the cleaning services agreement was between Pritchard and UNPC, and the injured person was neither a party to, nor an intended third-party beneficiary of, that contract (*see Eaves Brooks Costume Co. v Y.B.H. Realty Corp.*, 76 NY2d 220, 226 [1990]). Nor do any of the exceptions set forth in *Espinal v Melville Snow Contrs.* (98 NY2d 136 [2002]) apply to justify imposing tort liability against Pritchard in favor of plaintiffs.

With respect to the cross claims for contractual indemnification among UNPC, C&W and Pritchard, there is evidence to indicate all three parties may have had at least constructive notice of the dangerous condition that allegedly caused the accident herein. The injured plaintiff testified that the water that formed the ice came from a leaky gutter located on the bottom part of the glass canopy. UNPC had overall responsibility for this dangerous condition as the landowner, C&W had responsibility pursuant to the property management agreement to repair and maintain the leaky gutter, and Pritchard had responsibility pursuant to the cleaning services agreement to remove ice and snow from the sidewalks. The injured plaintiff added that he had observed water leaking from the gutter on the day of his accident and on numerous prior occasions, that ice accumulated on the sidewalk as a result of water leaking from the gutter approximately a dozen times a year, and that he had heard about other people falling on the ice in the past. There is evidence that C&W knew about the recurring icy sidewalk condition based on this testimony that the injured plaintiff had told his supervisor at C&W about the condition but was unaware of any efforts made to stop the leak. If Pritchard was aware of ice forming on the sidewalk on a regular basis, it would be obligated to tell someone at C&W or UNPC about it so those entities could take the necessary precautions during the days/hours Pritchard's porters were not on site to remove it. In any event, all three parties could have had constructive notice by virtue of the prior lawsuit stemming from a virtually identical accident in which UNPC, C&W and, eventually, Pritchard, were named.

The extent to which the parties will be entitled to indemnifica-

tion, however, will depend on the extent to which each party's negligence is determined to have contributed to the accident. Hence, the court correctly granted a conditional order of contractual indemnification in favor of UNPC against C&W. The agreement contains a sufficiently clear and unambiguous provision requiring C&W to indemnify UNPC for any liability arising out of C&W's negligence not otherwise covered by insurance, and the provision only purports to indemnify UNPC to the extent it was not itself negligent (*see* General Obligations Law § 5-322.1 [1]; *Brooks v Judlau Contr., Inc.*, 11 NY3d 204, 210 [2008]; *Rodrigues v N & S Bldg. Contrs., Inc.*, 5 NY3d 427, 433 [2005]; *Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 786, 795 [1997]; *Collins v Switzer Constr. Group, Inc.*, 69 AD3d 407, 408 [2010]). On the other hand, the property management agreement also expressly requires UNPC to obtain a comprehensive general liability insurance policy and to name C&W as an additional insured under that policy, which UNPC concedes it failed to do. The court thus properly qualified that conditional order of indemnification to account for any out-of-pocket costs C&W might be entitled to recover from UNPC for the latter's failure to procure insurance for C&W (*see Inchaustegui v 666 5th Ave. Ltd. Partnership*, 96 NY2d 111, 114 [2001]).

The court also correctly granted UNPC and C&W conditional orders of contractual indemnification against Pritchard. The cleaning services agreement expressly requires Pritchard to indemnify UNPC and its agent, C&W, for any liability arising out of Pritchard's negligence, and contains the requisite saving language, "to the fullest extent permitted by law," to ensure that UNPC and C&W will only be indemnified to the extent they are not responsible for the injured plaintiff's accident.

The court erred, however, in granting conditional orders of indemnification in favor of Pritchard against C&W. Pritchard did not assert any cross claims for indemnification, based on common law or contract. Even if Pritchard had asserted a cross claim against C&W for common-law indemnification, it would be barred by Workers' Compensation Law § 11 because the injured party has not sustained a "grave injury." Furthermore, no contract exists between C&W and Pritchard that obligates C&W to indemnify Pritchard, thus precluding any claim by Pritchard for contractual indemnification against C&W.

We have considered the parties' remaining contentions and find them unavailing. Concur—Sweeny, J.P., Freedman, Richter, Manzanet-Daniels and Román, JJ. **[Prior Case History: 2009 NY Slip Op 30829(U).]**