■ JOSE RODRIGUEZ et al., Respondents, v DORMITORY AUTHORITY OF THE STATE OF NEW YORK et al. Appellants, and ENCLOS CORP., Respondent-Appellant/Third-Party Plaintiff-Respondent-Appellant. ATLANTIC HEYDT CORP., Third-Party Defendant-Respondent. (And a Second Third-Party Action.) [962 NYS2d 102]—

Order, Supreme Court, Bronx County (John A. Barone, J.), entered July 2, 2012, which, insofar as appealed from as limited by the briefs, denied defendants' motions for summary judgment dismissing the complaint and for summary judgment on their contractual indemnification claims, unanimously modified, on the law, to the extent of dismissing the common-law negligence and Labor Law § 200 claims against defendants Dormitory Authority of the State of New York (DASNY) and

Bovis Lend Lease LMB, Inc., and dismissing the Labor Law § 241 (6) claims against defendants insofar as they are predicated on alleged violations of provisions other than 12 NYCRR 23-1.7 (e) (2), and otherwise affirmed, without costs.

The court should have granted the motions for summary judgment dismissing plaintiff's common-law negligence and Labor Law § 200 claims against DASNY and Bovis. Given that the accident was caused by a dangerous condition on the premises, rather than by the means or methods of plaintiff's work, defendants met their burden by showing that they neither created nor had actual or constructive notice of the alleged dangerous condition (*see Mendoza v Highpoint Assoc., IX, LLC*, 83 AD3d 1, 9 [1st Dept 2011]), namely, a scaffold clamp that had been left on the floor where plaintiff was walking while carrying boxes. Plaintiff's testimony failed to raise an issue of fact, since he merely testified that he had seen similar hazards on the floor on the day of the accident and the day before; there was no testimony indicating how long the specific clamp that caused his fall had been in the location of his accident (*see Canning v Barneys N.Y.*, 289 AD2d 32, 33 [1st Dept 2001]). However, the court properly denied defendant Enclos's motion for summary judgment dismissing the common-law negligence and Labor Law § 200 claims against it, since there are issues of fact about whether it created the hazardous condition (*see Murphy v Columbia Univ.*, 4 AD3d 200, 201 [1st Dept 2004]).

The court should have granted summary judgment dismissing the Labor Law § 241 (6) claims that are based on alleged violations of Industrial Code provisions other than 12 NYCRR 23-1.7 (e) (2). Defendants failed to make a prima facie showing that a violation of Industrial Code (12 NYCRR) § 23-1.7 (e) (2) did not cause the accident, since plaintiff testified that scaffold clamps, including the one that caused his accident, were scattered across the working area, causing him to trip and fall (*see Collins v Switzer Constr. Group, Inc.*, 69 AD3d 407 [1st Dept 2010]). Sections 23-2.1 (a) (1) and 23-1.7 (e) (1) are inapplicable, since plaintiff's testimony established that the accident occurred in an open working area near a passageway, rather than in the passageway itself (*see Waitkus v Metropolitan Hous. Partners*, 50 AD3d 260, 260 [1st Dept 2008]; *Dalanna v City of New York*, 308 AD2d 400, 401 [1st Dept 2003]). Section 23-1.7 (d) is also inapplicable, as the accident was not caused by a foreign substance (*see Kowalik v Lipschutz*, 81 AD3d 782, 784 [2d Dept 2011]). Plaintiff abandoned the Labor Law § 241 (6) claims that are predicated on violations of other Industrial Code provisions and OSHA regulations cited in his bill of particulars, since he

failed to address them in his motion papers or on appeal (*see Cardenas v One State St., LLC*, 68 AD3d 436, 438 [1st Dept 2009]). We reject Bovis's argument that it cannot be held liable pursuant to Labor Law § 241 (6) because it was a construction manager. The "label of construction manager versus general contractor is not necessarily determinative" (*Walls v Turner Constr. Co.*, 4 NY3d 861, 864 [2005]). Given that Bovis was responsible for planning and coordinating construction activity throughout the project, providing safety supervision of all contractors and subcontractors on the project, and conducting daily safety walkthroughs on the site, an issue of fact exists as to whether it was the functional equivalent of a general contractor so as to hold it liable under section 241 (6) (*see id.*).

Although the contractual indemnification claims set forth broad obligations for Enclos to indemnify DASNY and Bovis, and for third-party defendant Atlantic Heydt Corp. to indemnify Enclos, and are not limited to showings of negligence on the part of the proposed indemnitors, there are issues of fact regarding the liability of Enclos and Atlantic precluding summary judgment on the claims (*see Francescon v Gucci Am., Inc.*, 71 AD3d 528, 529 [1st Dept 2010]).

We have reviewed defendants' remaining contentions and find them unavailing. Concur—Andrias, J.P., Sweeny, Freedman, Feinman and Gische, JJ.