# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**237**
**CA 14-01446**
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND WHALEN, JJ.

---

MICHAEL D. FILER, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

KEYSTONE CORPORATION, ABS MACHINING, LTD.,
ARTHUR SIMMONS AND SUPERIOR TECHNICAL
RESOURCES, INC., DEFENDANTS-APPELLANTS.

---

GOLDBERG SEGALLA LLP, BUFFALO (ALBERT J. D'AQUINO OF COUNSEL), FOR
DEFENDANT-APPELLANT KEYSTONE CORPORATION.

DAMON MOREY LLP, BUFFALO (HEDWIG M. AULETTA OF COUNSEL), FOR
DEFENDANTS-APPELLANTS ARTHUR SIMMONS AND SUPERIOR TECHNICAL RESOURCES,
INC.

HURWITZ & FINE, P.C., BUFFALO (DAVID R. ADAMS OF COUNSEL), FOR
DEFENDANT-APPELLANT ABS MACHINING, LTD.

PROVOST UMPHREY LAW FIRM, L.L.P., BEAUMONT, TEXAS (JENNIFER J. SEALE,
OF THE TEXAS BAR, ADMITTED PRO HAC VICE, OF COUNSEL), DELDUCHETTO &
POTTER, SYRACUSE, FOR PLAINTIFF-RESPONDENT.

---

Appeals from an order and judgment (one paper) of the Supreme
Court, Erie County (John L. Michalski, A.J.), entered February 7,
2014. The order and judgment denied the motions of defendants for
summary judgment.

It is hereby ORDERED that the order and judgment so appealed from
is unanimously modified on the law by granting the motion of
defendants Arthur Simmons and Superior Technical Resources, Inc. and
dismissing the third amended complaint against them, and as modified
the order and judgment is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for
injuries he sustained while employed by nonparty Dresser-Rand Company
(Dresser), which manufacturers compressors used in oil and gas
production. Plaintiff was unloading a crate containing industrial
diaphragm sections when the crate collapsed and the diaphragms spilled
out, knocking him to the ground. The diaphragms were manufactured by
defendant ABS Machining, Ltd. (ABS) pursuant to a contract with
Dresser, which required that the diaphragms be nickel-plated. ABS
contracted with defendant Keystone Corporation (Keystone), an
industrial metal finisher, to perform that portion of the work.

Both ABS and Keystone contend that Supreme Court erred in denying their respective motions for summary judgment dismissing the third amended complaint against them because they did not owe a duty of care to plaintiff.  We reject those contentions.  ABS and Keystone were part of the manufacturing and distribution of the diaphragms and thus owed a duty to plaintiff based on common-law negligence and strict products liability principles (*see Hoover v New Holland N. Am., Inc.*, 23 NY3d 41, 53; *Codling v Paglia*, 32 NY2d 330, 339; *MacPherson v Buick Motor Co.*, 217 NY 382, 388).  ABS manufactured the diaphragms, and designed and provided the crate, blocking and banding used for packaging and shipping the diaphragms to Keystone.  After nickel-plating the diaphragms, Keystone repackaged the product and shipped it directly to the end user, Dresser, in the crate provided by ABS.  Both ABS and Keystone had duties to comply with standard industry practices with respect to packaging and shipping of the product, and neither placed any instructions or warnings on or with the crate regarding safe methods of uncrating the product.  ABS failed to establish as a matter of law that it used reasonable care in the design and testing of the packaging for its product, i.e., the crate, and that it provided adequate warnings with the product regarding the safe uncrating of it.  Keystone, likewise, failed to establish as a matter of law that it used reasonable care in repackaging the product after performing its nickel-plating process, or that it provided adequate warnings regarding safe methods of uncrating the product.

ABS and Keystone also failed to establish as a matter of law that they had no duty to plaintiff arising out of the subject contracts.  It is well established that " 'a contractual obligation . . . impose[s] a duty . . . in favor of the promisee and intended third-party beneficiaries' " of the contract (*Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140) and, contrary to the contention of ABS, we conclude that plaintiff was an intended third-party beneficiary of the contract between ABS and Dresser (*see id.; cf. Hughey v RHM-88, LLC*, 77 AD3d 520, 522; *Betancourt v Trump Empire State Partners*, 27 AD3d 604, 605-606).  The contract required that "all packaging materials be of sufficient construction to ensure that the integrity and stability of the entire package provides for *safe handling upon delivery to* [*Dresser*]" (emphasis added).  It therefore "clearly appear[s]" from the language of the contract that Dresser and ABS "intended to confer a direct benefit" on Dresser employees such as plaintiff who would be unloading the crates "to protect [them] from physical injury" (*Bernal v Pinkerton's, Inc.*, 52 AD2d 760, 760, *affd* 41 NY2d 938; *see All Am. Moving & Stor., Inc. v Andrews*, 96 AD3d 674, 674-675).

With respect to Keystone, although plaintiff was neither a party to the contract between Keystone and ABS nor an intended third-party beneficiary thereof (*see Aiello v Burns Intl. Sec. Servs. Corp.*, 110 AD3d 234, 241-242; *Hughey*, 77 AD3d at 522; *Gerbino v Tinseltown USA*, 13 AD3d 1068, 1070), we conclude that Keystone failed to establish as a matter of law that it did not assume a duty of care to plaintiff by " 'launch[ing] a force or instrument of harm' " (*Church v Callanan Indus.*, 99 NY2d 104, 111; *see Espinal*, 98 NY2d at 139; *Dunleavy v Tuttle*, 83 AD3d 995, 996).  It is undisputed that diaphragm sections

were typically shipped flat on pallets.  Here, however, Keystone required ABS to ship the diaphragms in an upright position, curved-side down, for Keystone's convenience.  Keystone then repackaged the diaphragms vertically in the crates provided by ABS for pickup by Dresser, even though Dresser did not ask Keystone to do so and Keystone's production manager testified at his deposition that he knew of no reason why Keystone had to ship the diaphragms to Dresser upright in a crate as opposed to flat on pallets.  There is also an issue of fact whether Keystone repackaged the crates in the same manner as the crates were received from ABS.  Although Keystone's vice president of operations and production manager testified at his deposition that Keystone "returns all parts in the packaging or containers supplied by the customer," plaintiff's coworker testified that there was no wood "blocking" in the crate that broke open and injured plaintiff.  We therefore conclude that there is an issue of fact whether Keystone "create[d] an unreasonable risk of harm to others, or increase[d] that risk," by packaging the diaphragms in a vertical position without adequate stabilization (*Church*, 99 NY2d at 111; *see Meyers-Kraft v Keem*, 64 AD3d 1172, 1173).  Finally, we conclude that ABS and Keystone failed to meet their initial burden of establishing as a matter of law that any acts or omissions on their part were not a proximate cause of the accident (*see Malamas v Toys "R" Us-Delaware*, *Inc*., 94 AD3d 1438, 1438-1439).

We agree with defendants Arthur Simmons and Superior Technical Resources, Inc. (Superior), however, that the court erred in denying their motion for summary judgment dismissing the third amended complaint against them, and we therefore modify the order and judgment accordingly.  Simmons and Superior established as a matter of law that Simmons was a special employee of Dresser at the time of his alleged negligence, and plaintiff failed to raise a triable issue of fact in opposition (*see Munion v Trustees of Columbia Univ. in City of N.Y.*, 120 AD3d 779, 780-781; *Davis v Butler*, 262 AD2d 1039, 1039-1040).  Simmons had been employed by Dresser for over 30 years until his retirement in 2004.  In 2006, he returned to work for Dresser pursuant to a contract with Superior, an employment agency.  Simmons testified at his deposition that he "never . . . met anybody from Superior," and that his entire relationship with Superior consisted of sending timesheets to Superior and receiving a paycheck in return.  At all times relevant to the instant action, Simmons worked exclusively at Dresser under Dresser's supervision, with all training, assignments, instruction, evaluation, and oversight coming from Dresser.  Those facts, which are undisputed, " 'establish surrender of complete control by the general employer [Superior] and assumption of control by the special employer [Dresser]' " (*Cobb v AMF Bowling Prods., Inc.*, 19 AD3d 1162, 1163).  In opposition to the motion, plaintiff relied solely on language in the Superior-Dresser contract stating that Simmons was an employee of Superior, not Dresser, which is insufficient to raise an issue of fact under the circumstances of this case (*see generally Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 559-560).

Entered:  May 1, 2015                              Frances E. Cafarell
                                                  Clerk of the Court