ERMA MITCHELL, Respondent-Appellant, v LONG ACRE HOTEL et al., Defendants, NJB SECURITY SERVICES, INC., Respondent, and CIRCUIT LLC et al., Appellants-Respondents. [46 NYS3d 785]—

Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered May 12, 2016, which, inter alia, denied the motion of defendant 317 Aladdin Hotel Corp. (Aladdin) for summary judgment dismissing the complaint as against it, and granted the motion of defendant NJB Security Services, Inc. (NJB) for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

Aladdin failed to make out a prima facie showing that minimal security was provided at its building, a homeless shelter (see Stora v City of New York, 117 AD3d 557 [1st Dept 2014]). Plaintiff testified that she complained about another resident's alleged propensity for violence, and in the weeks before her assault, the other resident was involved in two other altercations (compare Pink v Rome Youth Hockey Assn., Inc., 28 NY3d 994 [2016]). Moreover, Aladdin's night manager observed the resident on the night in question in a drunk and belligerent state in the hallway. Thus, Aladdin failed to make an initial showing that it had no reason to know from past experience "that there [was] a likelihood of conduct on the part of third persons . . . which [was] likely to endanger the safety of the visitor" (Nallan v Helmsley-Spear, Inc., 50 NY2d 507, 519 [1980] [internal quotation marks omitted]; see Kahane v Marriott Hotel Corp., 249 AD2d 164 [1st Dept 1998]).

Summary judgment was warranted however in favor of NJB, the security contractor for Aladdin (see Espinal v Melville Snow Contrs., 98 NY2d 136, 138 [2002]). Nothing in the oral agreement or course of conduct between NJB and Aladdin evidenced an intent to make plaintiff a third-party beneficiary (see Tamhane v Citibank, N.A., 61 AD3d 571 [1st Dept 2009]; see also Aiello v Burns Intl. Sec. Servs. Corp., 110 AD3d 234 [1st Dept 2013]). Nor was there any evidence that an exception to the rule in Espinal applies. Aladdin's argument that its claim for common-law indemnity should not have been dismissed is unpersuasive, since nothing in the record indicates that such a claim was interposed against NJB, nor did Aladdin oppose NJB's motion below.

We have considered the parties' remaining contentions and

find them unavailing. Concur—Richter, J.P., Manzanet-Daniels, Gische, Webber and Kahn, JJ.