■ RICHARD COON, Respondent, v HOTEL GANSEVOORT GROUP, LLC, Respondent, and SECURITY SERVICES INC. et al., Appellants. [55 NYS3d 23]—

Order, Supreme Court, New York County (Ellen M. Coin, J.), entered on or about November 23, 2015, which, to the extent appealed from as limited by the briefs, denied defendant Security Services Inc.'s (SSI) motion for summary judgment dismissing the amended complaint and all cross claims asserted against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

Summary judgment was warranted in this personal injury action, where SSI, an independent security contractor for defendant hotel, established that it did not owe plaintiff a duty of care (*see Solomon v City of New York*, 66 NY2d 1026, 1027 [1985]). The oral contract between SSI and the hotel did not extend, contractually, to plaintiff, a hotel patron who was allegedly assaulted, without warning, by another patron while the assailant was being escorted out of the hotel by an employee of SSI (*see Mitchell v Long Acre Hotel*, 147 AD3d 567, 567 [1st Dept 2017]). Nor did any of the *Espinal* exceptions apply (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138-139, 140 [2002]; *Mitchell*, 147 AD3d at 567).

Given the foregoing determination, and in the absence of any arguments that SSI breached its duty to the hotel, SSI is entitled to summary judgment dismissing the hotel's cross claims against it for contribution and common-law indemnification (*see Schultz v Bridgeport & Port Jefferson Steamboat Co.*, 68 AD3d 970, 972 [2d Dept 2009]).

The motion court providently exercised its discretion in granting SSI, upon "good cause shown," leave to file its belated summary judgment motion (CPLR 3212 [a]), where SSI's counsel was not notified that plaintiff had e-filed the note of issue, the parties continued to engage in discovery after the filing of the note of issue, and plaintiff filed the note of issue more than one month before the deadline stipulated to by the parties (*see Pena v Women's Outreach Network, Inc.*, 35 AD3d 104, 108-109 [1st Dept 2006]). Concur—Friedman, J.P., Richter, Moskowitz, Gische and Kapnick, JJ.