In an action, inter alia, to recover damages for personal injuries and wrongful death, etc., the defendant Advanced Fleet Maintenance, Inc., appeals (1) from a judgment of the Supreme Court, Kings County (Schack, J.), dated April 24, 2014, which, upon a jury verdict finding it 49.5% at fault in the happening of the accident and awarding the plaintiffs damages in the principal sums of $168,000 for past loss of earnings, $1,040,000 for future loss of earnings for 16 years, $1,000,000 for pre-impact terror, $2,000,000 for conscious pain and suffering, $2,000,000 for past pecuniary loss, and $1,000,000 for future pecuniary loss for 16 years, is in favor of the plaintiffs and against it in the principal sum of $3,603,394, and (2), as limited by its brief, from so much of an order of the same court dated May 5, 2015, as denied those branches of its motion which were pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of liability and for judgment as a matter of law or, in the alternative, to set aside the jury verdict on the issue of liability as contrary to the weight of the evidence and for a new trial or, in the alternative, to set aside so much of the jury verdict as awarded damages for past loss of earnings, future loss of earnings, pre-impact terror, and conscious pain and suffering and for judgment as a matter of law dismissing so much of the complaint as sought to recover those damages or, in the alternative, to set aside the jury verdict on the issue of damages as contrary to the weight of the evidence or excessive and for a new trial on the issue of damages, and for leave to amend its answer to assert the affirmative defense of setoff pursuant to General Obligations Law § 15-108.
 

 Ordered that the judgment is modified, on the facts and in the exercise of discretion, by deleting the provisions thereof awarding the plaintiffs damages for pre-impact terror, conscious pain and suffering, past pecuniary loss, and future pecuniary loss; as so modified, the judgment is affirmed, without costs or disbursements, so much of the order as denied those branches of the motion of the defendant Advanced Fleet Maintenance, Inc., which were pursuant to CPLR 4404 (a) to set aside so much of the jury verdict as awarded damages for pre-impact terror, conscious pain and suffering, past pecuniary loss, and future pecuniary loss as contrary to the weight of the evidence or excessive and for a new trial on the issue of those damages is vacated, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of damages for pre-impact terror, conscious pain and suffering, past pecuniary loss, and future pecuniary loss, and for the entry of an appropriate amended judgment thereafter, unless within 30 days after service upon the plaintiffs of a copy of this decision and order, the plaintiffs shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for pre-impact terror from the principal sum of $1,000,000 to the principal sum of $250,000, for conscious pain and suffering from the principal sum of $2,000,000 to the principal sum of $750,000, for past pecuniary loss from the principal sum of $2,000,000 to the principal sum of $650,000, and for future pecuniary loss from the principal sum of $1,000,000 for 16 years to the principal sum of $350,000, and to the entry of an amended judgment accordingly; in the event the plaintiffs so stipulate, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements; and it is further,
 

 Ordered that the appeal from so much of the order as denied those branches of the motion of the defendant Advanced Fleet Maintenance, Inc., which were pursuant to CPLR 4404 (a) to set aside so much of the jury verdict as awarded damages for pre-impact terror, conscious pain and suffering, past pecuniary loss, and future pecuniary loss as contrary to the weight of the evidence or excessive and for a new trial on the issue of those damages is dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the judgment; and it is further,
 

 Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof denying that branch of the motion of the defendant Advanced Fleet Maintenance, Inc., which was for leave to amend its answer to assert the affirmative defense of setoff pursuant to General Obligations Law § 15-108, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements.
 

 The plaintiffs’ decedent was employed as a helper on a private garbage truck owned by the decedent’s employer, the defendant Crown Container Co., Inc. (hereinafter CCC). The decedent sustained fatal injuries when the truck lurched backward and pinned him against a garbage dumpster. The plaintiffs, the administrator of the decedent’s estate and the decedent’s infant son, by his mother and natural guardian, commenced this action, inter alia, to recover damages for personal injuries and wrongful death against, among others, CCC, the defendant Ashim Ali, a CCC employee and the driver of the truck, and the defendant Advanced Fleet Maintenance, Inc. (hereinafter Advanced), which serviced the truck’s transmission six months prior to the accident. At trial, the evidence indicated that Advanced, after servicing and inspecting the truck, allowed the truck to leave its facility without a required functioning neutral interlock system.
 

 Following the trial, the jury found that Advanced was 49.5% at fault in the happening of the accident and awarded damages to the plaintiffs for past loss of earnings, future loss of earnings, pre-impact terror, conscious pain and suffering, past pecuniary loss, and future pecuniary loss. A judgment was entered in favor of the plaintiffs and against Advanced in the principal sum of $3,603,394. Thereafter, Advanced moved, inter alia, pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of liability and for judgment as a matter of law or, in the alternative, to set aside the jury verdict on the issue of liability as contrary to the weight of the evidence and for a new trial or, in the alternative, to set aside so much of the jury verdict as awarded damages for past loss of earnings, future loss of earnings, pre-impact terror, and conscious pain and suffering and for judgment as a matter of law dismissing so much of the complaint as sought to recover those damages or, in the alternative, to set aside the jury verdict on the issue of damages as contrary to the weight of the evidence or excessive and for a new trial on the issue of damages, and for leave to amend its answer to assert the affirmative defense of setoff pursuant to General Obligations Law § 15-108. The Supreme Court denied those branches of Advanced’s motion. Advanced appeals.
 

 Advanced contends that the branch of its motion which was pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of liability and for judgment as a matter of law should have been granted because it owed no duty of care to the decedent, who was not a party to the service agreement between Advanced and CCC, pursuant to the principles enunciated in Espinal v Melville Snow Contrs. (98 NY2d 136, 140 [2002]). Advanced first raised its contention regarding its lack of duty in its posttrial motion. At trial, the jury was charged, without objection, that “if you decide that [Advanced] did not use the same degree of skill and care [that others in the community in that trade would reasonably use in the same situation] then you must find that [Advanced] was negligent.” Therefore, the issue was not before the jury, and was not properly raised as a ground to set aside the jury verdict.
 

 In any event, the record demonstrates that Advanced owed the decedent a duty as a third-party beneficiary of its contractual relationship between itself and CCC (see id. at 140; Filer v Keystone Corp., 128 AD3d 1323 [2015]). If the parties to the contract intended to confer a direct benefit on the decedent, a duty is owed to the decedent (see Bernal v Pinkerton’s, Inc., 52 AD2d 760 [1976], affd 41 NY2d 938 [1977]). Although there was no written contract between the contracting parties, an intent to confer a direct benefit on the decedent may also be inferred from the circumstances (see Encore Lake Grove Homeowners Assn., Inc. v Cashin Assoc., P.C., 111 AD3d 881, 882 [2013]), including the parties’ oral agreement and course of conduct (see Mitchell v Long Acre Hotel, 147 AD3d 567 [2017]).
 

 An employee is not automatically a third-party beneficiary of a service contract between his or her employer and another party (see Parker v Raymond Corp., 87 AD3d 1115 [2011]; Jackson v Lehigh Constr. Group, 299 AD2d 836 [2002]). However, if the employer’s intent was to benefit its employees, third-party beneficiary status may be inferred (see Encore Lake Grove Homeowners Assn., Inc. v Cashin Assoc., P.C., 111 AD3d at 882; All Am. Moving & Stor., Inc. v Andrews, 96 AD3d 674, 675 [2012]).
 

 At trial, the plaintiffs asserted that a proximate cause of the accident was the absence of a functioning neutral interlock system on the truck. The neutral interlock system would have prevented the truck from going backward while garbage was being loaded in the truck. CCC recognized that a neutral interlock system was an important safety feature of the truck. That system was part of the transmission system, which was serviced by Advanced. At trial, Advanced acknowledged that when the truck was road tested in November 2006, some six months prior to the accident, CCC should have been informed if a neutral interlock system was not working or not present, since this was one of the primary safety features of the truck.
 

 The evidence indicated that Advance and CCC recognized that the neutral interlock system was an important safety feature. Further, it is clear from the record that Advance and CCC recognized that this safety feature’s primary benefit was to CCC’s employees who loaded the garbage trucks. Accordingly, it could be inferred that the decedent was a third-party beneficiary of the contractual relationship between CCC and Advanced.
 

 Turning to the issue of damages, the plaintiffs correctly concede that the awards for pre-impact terror, conscious pain and suffering, past pecuniary loss, and future pecuniary loss were excessive. Pre-impact terror pertains to the emotional pain and suffering that the decedent may have endured between the moment he was aware that the vehicle was about to hit him and the moment of impact (see McKenna v Reale, 137 AD3d 1533, 1535 [2016], citing PJI 2:320). Ali testified that the decedent was facing the rear of the truck when Ali started the compactor. The plaintiffs’ expert engineer testified that it would have taken less than a second for the truck to strike the decedent after it started moving in reverse. The plaintiff’s medical expert testified that the decedent did not have any injuries that would have killed him instantly, nor did he lose consciousness immediately. The decedent would have experienced pain from multiple rib fractures and abrasions. In the medical expert’s opinion, it took approximately one or two minutes for the decedent to die from his internal injuries. In view of the foregoing evidence, awards of $250,000 for pre-impact terror and $750,000 for conscious pain and suffering would constitute reasonable compensation (see Ferrigno v County of Suffolk, 60 AD3d 726, 727 [2009]).
 

 “Damages in a wrongful death action are, by statute, limited to ‘pecuniary injuries’ suffered by the distributees of decedent’s estate” (Parilis v Feinstein, 49 NY2d 984, 985 [1980], quoting EPTL 5-4.3), including “[l]oss of support, voluntary assistance and possible inheritance” (Gonzalez v New York City Hous. Auth., 77 NY2d 663, 668 [1991]; see EPTL 5-4.3 [a]). Here, the decedent was 22 years old at the time of his death. He worked two jobs to support his family—one as a helper on a garbage truck, and one in his parents’ bodega—and he had an infant son who was one year old at the time of his death. Awards of $650,000 for past pecuniary loss and $350,000 for future pecuniary loss would be reasonable compensation for the child’s loss (see generally Motelson v Ford Motor Co., 101 AD3d 957 [2012], affd 24 NY3d 1025 [2014]).
 

 The Supreme Court erred in denying that branch of Advanced’s motion which was for leave to amend its answer to assert the affirmative defense of a setoff pursuant to General Obligations Law § 15-108 (a) for the proceeds of a settlement from the settling defendants. The plaintiffs would not have been prejudiced by the amendment (see Whalen v Kawasaki Motors Corp., U.S.A., 92 NY2d 288, 293 [1998]), since there is no indication in the record that the plaintiffs changed their position in reliance upon the fact that a setoff pursuant to General Obligations Law § 15-108 (a) was not pleaded in Advanced’s original answer. On this point, the amount of the settlement was substantial, and therefore, it is unlikely that the pleading of a setoff would have induced the plaintiffs to forgo the settlement.
 

 Advanced’s remaining contentions are without merit.
 

 Dillon, J.P., Austin, Hinds-Radix and LaSalle, JJ., concur.