Garrison v Dick's Sporting Goods, Inc. (2020 NY Slip Op 05996)





Garrison v Dick's Sporting Goods, Inc.


2020 NY Slip Op 05996


Decided on October 22, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 22, 2020

529501

[*1]James Garrison et al., Appellants,
v
Dick's Sporting Goods, Inc., Respondent, et al., Defendants.

Calendar Date: September 9, 2020

Before: Egan Jr., J.P., Mulvey, Devine, Aarons and Colangelo, JJ.


Mainetti & Mainetti, PC, Kingston (Alexander E. Mainetti of counsel), for appellants.
Wilson Elser Moskowitz Edelman & Dicker LLP, Albany (Christopher T. Sheehan of Swanson, Martin & Bell, LLP, Chicago, Illinois, admitted pro hac vice), for respondent.



Devine, J.
Appeals from two orders of the Supreme Court (Cahill, J.), entered February 28, 2019 and May 24, 2019 in Ulster County, which, among other things, granted a motion by defendant Dick's Sporting Goods, Inc. for summary judgment dismissing the complaint against it.
In 2015, plaintiffs commenced this negligence and products liability action alleging that they were injured while shooting a defectively designed crossbow purchased from defendant Dick's Sporting Goods, Inc. (hereinafter defendant). Following joinder of issue and discovery, plaintiffs filed a note of issue in July 2018. In violation of the Third Judicial District Expert Disclosure Rule, the note of issue was not accompanied by disclosure of plaintiffs' liability expert. Plaintiffs did not avail themselves of an extension to make that disclosure, then asked for leave to withdraw the note of issue due to "discovery issues" as well as permission to belatedly serve an expert report and to conduct further discovery. Defendant opposed those requests and, in November 2018, served its own expert disclosure and moved for summary judgment dismissing the complaint against it. Supreme Court issued an order that denied plaintiffs' requests and, determining that plaintiffs could not succeed on their products liability claim absent expert proof, granted that part of defendant's motion seeking summary judgment dismissing that claim. The court held the remainder of defendant's motion in abeyance to allow plaintiffs additional time to respond. After plaintiffs did so, Supreme Court issued a second order granting the remainder of the motion and dismissing plaintiffs' claim for negligence. Plaintiffs appeal from both orders.[FN1]
Initially, we are unpersuaded that Supreme Court abused its "broad discretion" in refusing to permit expert disclosure after the note of issue had been filed (Kanaly v DeMartino, 162 AD3d 142, 145 [2018]; see Harris v Erfurt, 122 AD3d 1155, 1156 [2014]). To the extent that plaintiffs' request was proper despite its not having been made by "motion supported by affidavit" (22 NYCRR 202.21 [d]), plaintiffs were required to show both "'unusual or unanticipated circumstances' and 'substantial prejudice'" warranting the late disclosure (Arons v Jutkowitz, 9 NY3d 393, 411 [2007], quoting 22 NYCRR 202.21 [d]; see Prevost v One City Block LLC, 155 AD3d 531, 537 [2017]). In an attempt to do so, plaintiffs explained that they returned the crossbow to defendant and believed that defendant thereafter acknowledged that the crossbow was defective by returning it to the manufacturer and receiving reimbursement from the manufacturer's defective allowance fund. Plaintiffs learned after filing the note of issue that the manufacturer had no record of that transaction. That said, plaintiffs already knew that defendant had no documentation regarding the crossbow's fate, made no effort to subpoena documents from the manufacturer until days before filing the note of issue, and filed the note of issue despite knowing that the subpoena was outstanding. The revelation that the manufacturer had no relevant documents was accordingly due to "[a] lack of diligence in seeking discovery [that] does not constitute unusual or unanticipated circumstances warranting post-note of issue disclosure" (Tirado v Miller, 75 AD3d 153, 161 [2010]), and Supreme Court properly refused to allow belated expert disclosure (see Fuzak v Donohue, 23 AD3d 1022, 1022-1023 [2005]; Audiovox Corp. v Benyamini, 265 AD2d 135, 140 [2000]; Simpson v K-Mart Corp., 245 AD2d 991, 992 [1997], lv denied 91 NY2d 813 [1998]; compare Feldman v New York State Bridge Auth., 40 AD3d 1303, 1305 [2007]).
Plaintiffs make the related contention that Supreme Court should have granted them a 90-day extension of time in which to serve a report prepared by a crossbow design expert. In considering an application for an extension of time under CPLR 2004, "the court may properly consider factors such as the length of the delay, whether the opposing party has been prejudiced by the delay, the reason given for the delay, whether the moving party was in default before seeking the extension, and, if so, the presence or absence of an affidavit of merit" (Tewari v Tsoutsouras, 75 NY2d 1, 11-12 [1989]; see Matter of Burkich, 12 AD3d 755, 756 [2004]). In view of plaintiffs' aforementioned lack of diligence in conducting discovery on the defect issue, the lack of any effort to address their supposed difficulty in finding an expert prior to filing a note of issue and the lack of both an affidavit of merit and any proof as to what they expected the expert opinion to be, Supreme Court did not abuse its discretion in declining to grant the extension (see Don Buchwald & Assoc. v Marber-Rich, 305 AD2d 338, 338 [2003]; Corrado v Bendell, 93 AD2d 876, 876-877 [1983], lvs dismissed 60 NY2d 552, 645 [1983]).
Finally, even accepting that defendant had no duty to warn plaintiffs of the alleged defect in the crossbow, it was not entitled to summary judgment dismissing plaintiffs' negligence claim. Plaintiffs gave deposition testimony in which they explained that they were injured by the crossbow in separate incidents and that, when plaintiff James Garrison returned the crossbow to defendant's store after the first incident, one of defendant's employees attempted to repair it and gave it back to Garrison. Viewing the evidence in the light most favorable to plaintiffs as the nonmoving parties and accepting their account of events as true (see Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012]; Coyle v Bommarito, 106 AD3d 1324, 1327 [2013]), a duty of care arose when the employee chose to undertake the crossbow repair (see Miles v R & M Appliance Sales, 26 NY2d 451, 453 [1970]), and the fact that the repair violated defendant's return policy for defective or damaged items constituted some evidence of negligence (see Kush v City of Buffalo, 59 NY2d 26, 30-31 [1983]). Defendant produced no evidence that conclusively demonstrated plaintiffs' accounts to be untrue or showed the employee's actions to have played no role in the second crossbow malfunction. Thus, having failed to produce evidence showing its entitlement to judgment on the negligence claim as a matter of law, that part of defendant's motion seeking dismissal of that claim should have been denied without regard to the quality of plaintiffs' opposition papers (see Philwold LLC v Inergy LP, 140 AD3d 1272, 1273-1274 [2016]; Sutherland v Thering Sales & Serv., Inc., 38 AD3d 967, 967-968 [2007]; see also Sles v Heidelberg Eastern, 78 AD2d 521, 522 [1980], lv denied 52 NY2d 703 [1981]).
Egan Jr., J.P., Mulvey, Aarons and Colangelo, JJ., concur.
ORDERED that the order entered February 28, 2019 is affirmed, without costs.
ORDERED that the order entered May 24, 2019 is reversed, on the law, without costs, and that part of the motion by defendant Dick's Sporting Goods, Inc. for summary judgment dismissing the second cause of action is denied.



Footnotes

Footnote 1: Plaintiffs also claim to be appealing from a later order in which Supreme Court denied their motion to reargue and/or renew, but there is no indication that a notice of appeal from that order was actually filed (see CPLR 5515). Although portions of that order may nevertheless be reviewable on this appeal (see CPLR 5517 [b]; Matter of Fahey v Whalen, 54 AD2d 1097, 1097 [1976], appeal dismissed 41 NY2d 900 [1977]), plaintiffs have abandoned any challenges to it by failing to advance them in their brief (see Matter of Jones v Burrell Orchards, Inc., 184 AD3d 919, 921 n 1 [2020]). Contrary to their apparent expectation, plaintiffs cannot rely upon evidence provided as part of the motion to reargue and/or renew to attack the merits of the orders on appeal (see CPLR 5526; Georgius v Village of Morrisville, 83 AD3d 1158, 1159 [2011]; Randolph v Warnecke, 1 AD3d 731, 732 [2003]).