Lindgren v Anoia (2024 NY Slip Op 00951)

Lindgren v Anoia

2024 NY Slip Op 00951

Decided on February 22, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 22, 2024

535783
[*1]Denise L. Lindgren, Appellant,
v
Tamika Anoia et al., Respondents.

Calendar Date:January 16, 2024

Before:Garry, P.J., Egan Jr., Aarons, Reynolds Fitzgerald and McShan, JJ.

Lutfy & Santora, Staten Island (James L. Lutfy of counsel), for appellant.
Kiernan Trebach LLP, Garden City (Afaf Sulieman of counsel), for Tamika Anoia, respondent.
O'Connor, O'Connor, Bresee & First, PC, Albany (Elizabeth J. Grogan of counsel), for Capital Area-Hudson Valley New York Dental, PC, respondent.

Garry, P.J.
Appeals (1) from an order of the Supreme Court (Martin D. Auffredou, J.), entered June 30, 2022 in Washington County, which granted defendants' motions for summary judgment dismissing the complaint, and (2) from the judgment entered thereon.
This action concerns a January 4, 2012 root canal procedure performed upon plaintiff by defendant Tamika Anoia, a dentist working for defendant Capital Area-Hudson Valley New York Dental, P.C., formerly known as 1st Advantage Dental Group of NY, P.C. After ending her treatment with defendants and obtaining several other opinions about ongoing pain, plaintiff commenced the action on March 25, 2016, setting forth causes of action for dental malpractice, lack of informed consent, breach of contract and fraudulent concealment. As pertinent here, and as amplified by the bill of particulars, the complaint alleged that Anoia failed to perform root canals on teeth numbers 14 and 15 in accordance with acceptable dental standards of care, causing plaintiff injury. Specifically, plaintiff allegedly became aware on April 8, 2015, that dental material had been deposited into her left maxillary sinus. Almost five years after issue was joined, on or about February 26, 2021, plaintiff filed a note of issue and certificate of readiness. Supreme Court set a schedule for dispositive motions, and, on June 4, 2021, Anoia moved for summary judgment dismissing the complaint, arguing, among other things, that the action was time-barred. Plaintiff's counsel indicated his wish to withdraw before the return date of that motion. On July 26, 2021, new counsel was retained and permitted to serve discovery notices, and the pending motion for summary judgment was held in abeyance. Several such notices were served in August 2021. On September 6, 2021, plaintiff moved to vacate the note of issue and compel defendants to comply with their discovery demands. Supreme Court denied the motion on December 7, 2021, and set a return date for Anoia's motion of January 28, 2022. On January 7, 2022, Capital Dental filed its own motion for summary judgment dismissing the complaint, similarly based upon the statute of limitations. Plaintiff opposed both motions and asserted that Capital Dental's motion was untimely under CPLR 3212. Supreme Court granted defendants' motions, by order entered June 30, 2022, agreeing that, even under an extended limitations period, plaintiff's dental malpractice claim was time-barred.[FN1] The court later entered a judgment to that end, which also awarded defendants certain costs and disbursements. Plaintiff appeals from the order and the judgment entered thereon.[FN2]
Initially, we are unpersuaded by plaintiff's contention that Supreme Court abused its "broad discretion" in denying her motion to vacate the note of issue and permit further discovery (Garrison v Dick's Sporting Goods, Inc., 187 AD3d 1379, 1380 [3d Dept 2020] [internal quotation marks and citation omitted]). A motion to vacate a note of issue more than 20 days after [*2]the filing shall not be allowed except for good cause shown or in the interest of justice (see 22 NYCRR 202.1 [b]; 202.21 [e]). For post-note of issue discovery, a party must show that "unusual or unanticipated circumstances develop[ed] subsequent to the filing of a note of issue and certificate of readiness which require additional pretrial proceedings to prevent substantial prejudice" (22 NYCRR 202.21 [d]; see Garrison v Dick's Sporting Goods, Inc., 187 AD3d at 1380). Absent an abuse of discretion, a trial court's decision not to vacate the note of issue should be upheld, as the court has "considerable discretion to supervise the discovery process" (Kropp v Town of Shandaken, 91 AD3d 1087, 1092 [3d Dept 2012] [internal quotation marks and citation omitted]; see Rosen v Mosby, 180 AD3d 1253, 1256-1257 [3d Dept 2020]). Our review of the record supports Supreme Court's finding that plaintiff was afforded ample time — roughly five years — to complete discovery, defendants answered her discovery demands and provided any requested records in their respective possession, and no unusual or unanticipated circumstances developed between the filing of the note of issue and plaintiff's subsequent request to vacate. Plaintiff's assertion that her new counsel may have conducted discovery differently than prior counsel "does not demonstrate unusual or unanticipated circumstances" (Welch v County of Clinton, 203 AD2d 749, 749 [3d Dept 1994]). We likewise agree that there was no basis in the record to conclude that the certificate of readiness contained any incorrect material fact or otherwise failed to comply with the requirements of the governing rule (see 22 NYCRR 202.21 [e]).
We similarly find that Supreme Court providently exercised its discretion in permitting Capital Dental's belated motion for summary judgment. "[T]he Legislature maintained the courts' considerable discretion to fix a deadline for filing summary judgment motions, after joinder of issue, but mandated that no such deadline could be set earlier than 30 days after filing the note of issue or (unless set by the court) later than 120 days after the filing of the note of issue, except with leave of court on good cause shown" (Brill v City of New York, 2 NY3d 648, 651 [2004]; see CPLR 3212 [a]). The burden is on the late filing party to "demonstrate good cause for the delay — that is, a satisfactory explanation for the motion's untimeliness" (Wilmington Sav. Fund Socy., FSB v McKenna, 172 AD3d 1566, 1567 [3d Dept 2019] [internal quotation marks, brackets and citation omitted]). Given the timing of Anoia's motion, substitution of plaintiff's counsel prior to that return date, and plaintiff's efforts to vacate the note of issue based upon allegedly incomplete discovery, Capital Dental met its burden of showing good cause for its relatively brief delay and noncompliance with the 120-day statutory period (see CPLR 3212 [a]; Coon v Hotel Gansevoort Group, LLC, 150 AD3d 519, 520 [1st Dept 2017]; Rossi [*3]v Arnot Ogden Med. Ctr., 252 AD2d 778, 779 [3d Dept 1998]).
Turning to the merits of defendants' respective summary judgment motions, an action for dental malpractice "must be commenced within two years and six months" from accrual; however, "where the action is based upon the discovery of a foreign object in the body of the patient, the action may be commenced within one year of the date of such discovery or of the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier" (CPLR 214-a; see B.F. v Reproductive Medicine Assoc. of N.Y., LLP, 30 NY3d 608, 616-617 [2017]). The root canal procedure underlying plaintiff's dental malpractice claim was performed on January 4, 2012. Plaintiff continued treatment under defendants' care thereafter until October 2012. This action was not commenced until March 25, 2016, well beyond the statutory period, and, upon initial review, is thus time-barred.
As to the foreign object exception, plaintiff has abandoned her initial allegations that foreign material had been deposited in her maxillary sinus. Instead, plaintiff raised for the first time in opposition to summary judgment — and without amending the complaint — a theory that metal filings had been left in the root of tooth 15, which she did not discover until January 2022. Despite the procedural infirmity, we have considered this novel theory, as well as her wholly speculative allegation that Anoia attempted to conceal evidence of malpractice. Review of the record reveals that plaintiff was in possession of her dental records, including x-rays, no later than April 2012. She subsequently continued to seek medical and dental treatment from other providers, after leaving defendants' care.[FN3] In her deposition, plaintiff testified that a medical provider had informed her in July 2014 of the possible presence of a foreign object in her body as a result of a prior dental procedure. Accordingly, we find that plaintiff knew or had discovered facts that would reasonably lead to the discovery of the metal filing allegedly present in tooth 15 as early as April 2012, and no later than July 2014. This action was not commenced within the one-year foreign object exception period for dental malpractice, and was thus untimely even with that potential extension (see CPLR 214-a; compare Baker v Eastern Niagara Hosp., Inc., 217 AD3d 1331, 1334 [4th Dept 2023]).
Finally, defendants take no position as to the grant of costs and disbursements. We reject plaintiff's argument that Supreme Court abused its discretion in awarding costs, as CPLR 8105 provides that, "[w]here a judgment is entered in favor of two or more parties, they shall be entitled, in all, to the same costs in the action as a single party, unless the court otherwise orders" (emphasis added) (see Spancrete Northeast v K. W. Constr. Corp., 57 AD2d 784, 784 [1st Dept 1977]). As plaintiff contends, however, the award of disbursements was improper as such "cannot be recovered without proof [*4]that the expenses were actually incurred" (National Granite Tit. Ins. Agency, Inc. v Cadlerock Props. Joint Venture, LP, 17 AD3d 551, 551 [2d Dept 2005], lv denied 5 NY3d 757 [2005]; see CPLR 8301). Here, defendants failed to prove that the amounts set forth in their respective unsupported bills of costs were expended (see Fischer v RWSP Realty LLC, 48 AD3d 511, 512 [2d Dept 2008]). Plaintiff's remaining contentions, to the extent not expressly addressed herein, have been considered and found to be lacking in merit.
Egan Jr., Aarons, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the appeal from the order is dismissed, without costs.
ORDERED that the judgment is modified, on the law, without costs, by reversing so much thereof as awarded disbursements to defendants; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

Footnotes

Footnote 1: Plaintiff does not challenge the dismissal of her other causes of action on appeal.

Footnote 2: Although plaintiff's right to appeal from the order terminated upon entry of the final judgment, her appeal from the final judgment nevertheless brings up for review any issues raised with respect to the interlocutory order that necessarily affect the final judgment, including the prior order denying the motion to vacate the note of issue (see CPLR 5501 [a] [1]; Carrington Mtge. Servs., LLC v Fiore, 198 AD3d 1106, 1107 [3d Dept 2021];Banker v Banker, 56 AD3d 1105, 1107 [3d Dept 2008]).

Footnote 3: Tooth 15 was extracted in 2016, and thereafter remained in plaintiff's sole possession.